By the Court.
This proceeding in mandamus is instituted by Edward S. Bryant, the relator, to secure a writ of mandamus requiring the respondent, as auditor of state, to issue a voucher for the payment of the sum of $1400, claimed to be due him as the balance of salary as colonel of the Ohio National Guard upon active duty from June 18 to November 15, 1916.
Upon the hearing it was disclosed that on June 18, 1916, the President of the United States, proceeding under authority of an act passed and approved May 27, 1908, called into service of the United States the National Guard organizations of various states, including Ohio. The Secretary of War on that day sent telegraphic orders to the Governor of Ohio, calling into the service of the *248 United States designated units of the National Guard of this' state; a portion of which order is as follows: “Having in view the possibility of further aggression upon the territory of the United States from Mexico, and the necessity for .the proper protection of that frontier, the President has thought proper to exercise the authority vested in him by the constitution and laws and call out the organized militia and the National Guard necessary for that purpose.”
In accordance with the command of the President the Governor of the state directed the mobilization of the designated units of the National Guard, which was thereafter effected, and after some weeks in mobilization camps they were ordered to the Mexican border for the required service.
On June 18, 1916, by order of the Governor of the state, certain named staff officers of the National Guard were placed on duty and directed to immediately report to the Adjutant General of Ohio for assignment, Colonel Edward S. Bryant, the relator, being one of that number.
The relator was appointed Assistant Adjutant General of the state on January 11, 1915, and had continued in such office until the date of filing the petition in this case, which was December 13, 1916; the amount for which he asks a voucher is the difference between the stipulated salary as Assistant Adjutant General and the compensation to which an officer of his rank and ;grade is entitled when upon active duty under the provisions of the statute. The relator also claimed that such sum was *249 due by reason of the provision of Section 5190, as amended May 27, 1915, 106 Ohio Laws, 471. But as that amendment was passed during the incumbency of the relator as Assistant Adjutant General he is precluded by the provisions of Section 20, Article II of the Constitution, from deriving the benefit of the increase of salary thereby provided. However the authority of the Governor of the state to assign an officer of the National Guard to active duty is unquestioned, and under the provisions of Section 5296, General Code, such officer is entitled to the pay of an officer of his rank and grade in the army of the United States. At the time such order was issued the relator was a member of the general staff with the rank of colonel. So long as that order was in force and the relator remained upon duty in obedience thereto he would be entitled to pay as provided by Sections 5292, 5293 and 5296, General Code.
It appearing that the claim made is merely for the difference between the amount the relator received as Assistant Adjutant General and the amount which an officer of his rank and grade is entitled to receive when in actual service, a voucher therefor should be issued.

Writ to issue.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.